UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cv-00143-FDW

| | |
|---|---|
| ROBERT PENLAND, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>    Defendant. ) | ORDER |

**THIS MATTER** is before the Court on Plaintiff Robert Penland's Motion for Summary Judgment (Doc. No. 10) and Defendant Acting Commissioner of Social Security Carolyn Colvin's Motion for Summary Judgment (Doc. No. 12).[1] Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on his claim for Disability Insurance Benefits, based on the Administrative Law Judge's holding that he was not disabled under the Social Security Act.

Having reviewed and considered the written arguments, administrative record, and applicable authority, for the reasons set forth below, Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and the Administrative Law Judge's decision is AFFIRMED.

**I.    BACKGROUND**

---

[1] The Court notes that both parties have conflicting, and apparently incorrect, titles for their respective motions and/or memoranda. Plaintiff's Motion (Doc. No. 10) is titled "Motion for Summary Judgment" but moves the Court pursuant to Fed.R.Civ.P. 12(c). The Commissioner's Motion, on the other hand, is titled as her "Motion for Judgment on the Pleadings" and moves the Court pursuant to Fed.R.Civ.P.12(c). (Doc. No. 12). However, the accompanying memorandum (Doc. No. 13) purports to support the Commissioner's "Motion for Summary Judgment." (Doc. No. 13, p. 1). Regardless, the Court is considering evidence outside the pleadings and will, therefore, refer to and construe the pending motions as for summary judgment.

On June 19, 2012, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits. (Tr. 18).[2] The alleged period of disability was April 18, 2011, through the date last insured ("DLI") of December 31, 2016. (Tr. 20). Plaintiff initially alleged that he was disabled due to bursitis, hypertension, depression, insomnia, and anxiety, although he was later found to have additional impairments including diverticulitis, abdominal pain, and obesity. (Tr. 79, 20). Plaintiff's claim was initially denied on October 4, 2012, and again upon reconsideration. (Tr. 18). On March 11, 2013, Plaintiff timely filed a request for hearing pursuant to 20 C.F.R. § 404.929 *et seq*. (Tr. 18). On December 10, 2014, Plaintiff appeared and testified at a hearing held before an Administrative Law Judge ("ALJ"). (Tr. 18). The ALJ denied Plaintiff's claim on February 6, 2014, on the ground that he was able to perform work in the national economy despite his impairments. (Tr. 15, 20, 33).

Plaintiff timely appealed this decision. (Tr. 1). On May 19, 2015, the Appeals Council denied his request for review. Id. Plaintiff filed a complaint in this Court under 42 U.S.C. § 405(g), requesting that the ALJ's decision be set aside and that the case be remanded for further proceedings. (Doc. No. 1). Plaintiff and Defendant both moved for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. Nos. 10, 12). If matters "outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Federal Rule of Civil Procedure 12(c). The pending Motions are now ripe for disposition.

## II. STANDARD OF REVIEW

Under the Social Security Act, judicial review of the Commissioner's final decision is

---

[2] Plaintiff alleged a protective filing date of August 14, 2012. (Doc. No. 8-5 at 111). Defendant alleged a protective filing date of August 8, 2012. (Doc. No. 8-7 at 176). The ALJ determined that the protective filing state was June 19, 2012. (Doc. No. 8-3 at 19).

2

limited to evaluating whether the Commissioner applied the correct legal standards and whether substantial evidence supports the Commissioner's decision. 42 U.S.C. § 405(g); see Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). This Court does not review a final decision of the Commissioner *de novo*. See Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The Social Security Act requires that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). The evidence "may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal quotations omitted). However, it must be "more than a scintilla and must do more than create a suspicion of the existence of a fact to be established." Richardson v. Perales, 402 U.S. 389, 401 (1971).

The Fourth Circuit has clearly established that if the Commissioner's decision is supported by substantial evidence, then this Court does not weigh the evidence itself, make credibility determinations, or substitute its judgment for that of the Commissioner. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345. "It is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence." Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976). Therefore, the Commissioner's decision must be affirmed if it applied the correct law and was supported by "substantial evidence" in the record, regardless of the Court's view of whether the matter was rightly decided. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. ANALYSIS

The question before the Court is not whether Plaintiff disabled,[3] but whether the ALJ reached his decision through application of the correct legal standard and supported it with substantial evidence. Plaintiff contends that the ALJ erred in reaching his decision and that this case must be remanded for a new hearing. (Doc. No. 1). Plaintiff bears the burden of proof. See Hays, 907 F.2d at 1456.

The Social Security Act establishes a five-step sequential process that ALJs use in determining whether a claimant is entitled to disability benefits. 20 C.F.R. § 404.1520(a)(1). "The first four steps create a series of hurdles for claimants to meet." Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). At step one, the claimant must not have been engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the claimant's medical impairments must "significantly limit his physical or mental ability to do basic work activities" and must last for at least twelve months, as per the regulations' severity and duration requirements. 20 C.F.R. § 404.1520(a)(4)(ii). If the ALJ finds that the claimant does not satisfy these requirements, the process ends immediately with a finding of "not disabled." See Mascio, 780 F.3d at 634-35. At step three, the ALJ assesses whether the claimant's medical impairments meet or equal one of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, the claimant is found to be disabled; if not, the process continues. 20 C.F.R. § 404.1520(a)(4)(iii). At step four, the ALJ determines whether the claimant has the Residual Functional Capacity ("RFC") to perform the requirements of his or her past relevant work. If so, the claimant is denied disability benefits. 20 C.F.R. § 404.1520(a)(4)(iv).

---

[3] "Disability is defined in Social Security Act, 42 U.S.C. §§ 216(i), 223(d) as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

If a claim passes the first four steps without the ALJ's reaching a conclusive determination, the burden shifts to the Commissioner. At step five, the ALJ asks whether the claimant is able to adjust to other work in the national economy in light of his or her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If other work that the claimant is capable of performing is shown to exist, the claimant is found to be not disabled and the ALJ denies the application for benefits.

On February 6, 2014, the ALJ held that Plaintiff was not eligible for disability benefits between the onset date of April 18, 2011 and the date of the decision. (Tr. 34). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity, since his earnings during the relevant time period fell well below the requisite level of substantiality. (Tr. 20). At step two, the ALJ found that Plaintiff suffered from severe impairments, including diverticulitis, bursitis/compression arthralgia of the left shoulder, obesity, and depression, that significantly limited his functioning. (Tr. 28). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, because his impairments did not cause the requisite limitations and episodes of decompensation. (Tr. 28-29). At step four, following an RFC assessment, the ALJ found that Plaintiff's impairments rendered him unable to perform his past relevant work as a working warehouse manager. (Tr. 33). At step five, however, the ALJ found that given Plaintiff's age, education, work experience, and RFC, he was able to adjust to other work that existed in significant numbers in the national economy. (Tr. 33-34).

On appeal, Plaintiff makes two general assignments of error: (1) that the ALJ's decision is not supported by substantial evidence; and (2) that the ALJ reached his decision through an incorrect application of the law. (Doc. No. 1). Specifically, Plaintiff argues that the ALJ failed to

develop the record and incorrectly weighed the evidence regarding the pain caused by Plaintiff's diverticulosis. Furthermore, Plaintiff claims that the ALJ improperly determined Plaintiff's credibility by relying on information about the Plaintiff's activities of daily living and compliance with medical treatment. Plaintiff asserts that these factors establish that the RFC was not supported by substantial evidence. Finally, Plaintiff argues that the ALJ incorrectly applied the relevant law by failing to consider Plaintiff's work history despite being required to do so. The Court will consider these arguments in turn.

**A. The ALJ Sufficiently Developed the Record Regarding Plaintiff's Diverticulitis**

Plaintiff argues that the ALJ failed to explain how his RFC finding accounted for limitations caused by Plaintiff's diverticulitis after acknowledging it as a severe impairment at step two of the five-step process. (Doc. No. 11 at 5). Mascio established that "remand may be appropriate . . . where [ ] inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636. However, this principle is inapplicable here. Mascio ultimately seeks to prevent the ALJ from failing to address "conflicting evidence" regarding Plaintiff's RFC, by requiring "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id at 636-37.

In this case, the ALJ extensively discussed the evidence surrounding Plaintiff's diverticulitis, by citing diagnoses, treatment records, and examination results. (Tr. 30). For example, the ALJ noted office records from Sisters of Mercy Urgent Care, physician notes from ABCCM Medical Ministry, and office notes from Asheville Gastroenterology. (Tr. 20-21). He also cited examinations that gave Plaintiff "no further post operative restrictions" and normal "strength and range of motion of extremities." (Tr. 22). The ALJ incorporated his understanding of that evidence into his conclusion regarding Plaintiff's RFC, finding that "the record as a whole" supports the finding that Plaintiff was "limited but [ ] able to perform . . . work of a medium

exertional level." (Tr. 33). Therefore, the ALJ's finding does not "frustrate meaningful review" and cannot be overturned on this ground.

**B. The ALJ Made a Valid Credibility Determination Regarding Plaintiff's Subjective Pain**

Plaintiff also argues that the ALJ's RFC finding was against the weight of the evidence regarding Plaintiff's diverticulitis. Plaintiff primarily asserts that the ALJ incorrectly cited Plaintiff's surgeries, and instead should have relied on Plaintiff's reports of extensive diverticulitis-related pain. (Doc. No. 11 at 6-7). This argument is unconvincing because it misconstrues the procedure and evidentiary burden of the RFC determination. To establish disability by non-exertional pain, Plaintiff first must establish "objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig, 76 F.3d at 594.

If such evidence is present, the ALJ is then required to evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." Craig, 76 F.3d at 595. Plaintiff correctly asserts that he is "entitled to rely exclusively on subjective evidence to prove [this] part of the test, i.e., that [his] pain is so continuous and/or severe as to prevent [him] from working a full eight hour day." Hines v. Barnhart, 453, F.3d 559, 565 (4th Cir. 2006). However, the ALJ is required to assess credibility on the basis of all available evidence, not just Plaintiff's subjective allegations of pain. See Craig, 76 F.3d at 595. See also 20 C.F.R. §§ 416.929(c); 404.1529(c). Plaintiff's medical records do not establish a clear medical basis for his abdominal pain. (Tr. 531).

Here, the ALJ considered the effect of pain on Plaintiff's ability to function, as required, and found that "the record does not indicate pain of such severity as to interfere with his ability to

7

perform medium work-related tasks." (Tr. 32). The ALJ noted that Plaintiff's activities of daily living suggest that "he is able to get about in a manner that is not significantly restricted." (Tr. 31). The ALJ also found that Plaintiff's medical non-compliance "suggests that the symptoms may not have been as serious as has been alleged in connection with this application and appeal." Id. The ALJ discussed Plaintiff's inconsistent reports and descriptions, which "suggest that the information provided by the claimant generally may not be entirely reliable." (Tr. 32). The ALJ cites medical records establishing Plaintiff's abdominal pain, including the opinion of Plaintiff's treating physician. (Tr. 30). However, the ALJ concluded that such reports did not sufficiently establish Plaintiff's alleged restrictions because they were too restricted to Plaintiff's subjective reports and too inconsistent with the overall objective medical findings. (Tr. 32).

Plaintiff has not established disability by non-exertional pain. The evidence considered by the ALJ regarding Plaintiff's diverticulitis-related pain provides a substantial basis from which to find Plaintiff's subjective claim not credible. This argument, therefore, does not provide grounds for setting aside the ALJ's decision.

## C. The ALJ Properly Considered Plaintiff's Activities of Daily Living

Plaintiff continues to attack the credibility determination by arguing that the ALJ should not have considered Plaintiff's Activities of Daily Living ("ADL"), such as "preparing food, showering, engaging in personal hygiene activities, and driving." (Tr. 31). Plaintiff cites a non-binding case for the proposition that such daily activities are "so undemanding that they cannot be said to bear a meaningful relationship to the activities of the workplace." Orn v. Astrue, 495 F.3d 627, 639 (9th Cir. 2007); see Cavarra v. Astrue, 393 Fed. App'x 612, 614-615 (11th Cir. 2010). Orn is inapposite here. The activities in Orn were primarily related to the claimant's mental and social abilities, whereas the activities cited by the ALJ were primarily concerned with Plaintiff's

8

ability to "get about in a manner that is not significantly restricted." (Tr. 31).

Moreover, Plaintiff misunderstands the purpose served by the ALJ's consideration of Plaintiff's ADL. While consideration of ADL in the function-by-function RFC analysis is disfavored, the ALJ did not favor Plaintiff's ADL into his function-by-function analysis. Rather, the ALJ cited Plaintiff's ADL as a component of the credibility determination regarding Plaintiff's subjective reports of pain. (Tr. 31). The ALJ is explicitly permitted to consider daily activities while assessing subjective factors and symptoms, such as pain. 20 C.F.R. § 404.1529(c)(3)(i); see Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) ("The only fair manner to weigh a subjective complaint of pain is to examine how the pain affects the routine of life"). Therefore, the ALJ's assessment of Plaintiff's ADL provides appropriate and substantial evidence supporting his credibility determination.

## D. The ALJ Properly Considered Plaintiff's Medical Noncompliance

Plaintiff further challenges the credibility determination by asserting that the ALJ improperly considered Plaintiff's inconsistent compliance with his medical treatment. Plaintiff first argues that he did in fact comply with his medications, despite the ALJ's finding to the contrary. (Doc. No. 11 at 6); (Tr. 31-32). However, the only evidence Plaintiff cites in support of this proposition is based entirely on his own subjective reports. (Tr. 482, 487, 502, 531, 564). The ALJ can only accept this evidence to the extent that it is consistent with the available objective evidence. The ALJ is required to make a credibility determination, just like that required by the assessment of pain discussed above. See 20 C.F.R. § 404.1529(a).

The ALJ's finding that Plaintiff was not entirely medically compliant is properly supported by substantial evidence. The ALJ stated that Plaintiff failed to follow up on recommendations made by treating doctors and was not entirely compliant in taking prescribed medications. (Tr.

30-31). For example, Plaintiff did not follow a diet despite stating he was able to do so. (Tr. 31). The ALJ further noted that Plaintiff failed to stop smoking and observe a proper diet, despite repeated instructions to do so from his doctors. (Tr. 32). Thus, the ALJ correctly discounted the Plaintiff's allegations of disability due to immediately treatable symptoms that could easily have been controlled or corrected by more consistent medical compliance. (Tr. 30-31).

Plaintiff also argues that even if he was noncompliant, noncompliance cannot be the basis for denial of benefits unless substantial evidence establishes that noncompliance caused the claimant's symptoms and that compliance could reasonably remedy them. See Dickens v. Astrue, 2011 WL 3269422 *3 (E.D.N.C., July 28, 2011). However, that standard applies only where a claimant must follow treatment prescribed by his or her physician if the treatment can restore his or her ability to work. See Preston v. Heckler, 769 F.2d 988 (4th Cir. 1985) (interpreting 20 C.F.R. § 404.1530).

This standard does not apply here because in this case, the ALJ did not deny benefits solely on the basis of noncompliance but rather invoked Plaintiff's noncompliance as an indicator of the reliability of his testimony. (Tr. 31-32). As discussed above, the ALJ is required to consider all the available evidence in making his credibility determination, so it would be improper to exclude the information regarding Plaintiff's noncompliance. See Craig, 76 F.3d at 595; see also 20 C.F.R. §§ 416.929(c); 404.1529(c). Therefore, the ALJ's decision is supported by substantial evidence and should not be disturbed.

**E. The ALJ's Failure to Consider Plaintiff's Work History is Not Dispositive**

Finally, Plaintiff argues that the ALJ erroneously applied the law by failing to consider Plaintiff's work history in the credibility analysis. (Doc. No. 11 at 8). The ALJ is required to "carefully consider" evidence presented by the claimant in support of his alleged restrictions. 20

10

C.F.R. § 404.1529(c)(3). However, the ALJ's failure to consider Plaintiff's work history does not merit a remand. Work history is only one of a multitude of factors considered that "may support the credibility of a testifying claimant." Terrell v. Colvin, 2015 WL 966256, at *13 (E.D.Va. Mar. 4, 2015). Indeed, work history is not even included in the specifically enumerated factors of 20 C.F.R. § 404.1529(c)(3). "An ALJ's mere failure to mention a claimant's work history explicitly does not warrant remand or reversal in the face of his otherwise supported findings." Pope v. Colvin, No. 2:15CV00001, 2016 WL 1211807, at *12 (W.D. Va. Mar. 8, 2016); see Cooper v. Astrue, 2011 WL 6742500, at *7 (E.D.Va. Nov. 8, 2011); see also Nathans v. Colvin, No. 5:14-CV-03859-RBH, 2016 WL 403059, at *5 (D.S.C. Feb. 3, 2016).

In this case, substantial evidence supports the ALJ's credibility determination, as discussed above. Accordingly, to the extent that the ALJ erroneously failed to consider Plaintiff's work history, such error does not present any grounds for remand.

## IV.　CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. Nos. 10, 11) is **DENIED**, Defendant's Motion for Summary Judgment (Doc. Nos. 12, 13) is **GRANTED**, and the ALJ's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed: June 21, 2016

Frank D. Whitney
Chief United States District Judge